**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000074
14-AUG-2013
09:27 AM**

NO. CAAP-12-0000074

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
TERRY J. DAVIS, Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
'EWA DIVISION
(CASE NO. 1DTC-11-032838)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Reifurth and Ginoza, JJ.)

Defendant-Appellant Terry J. Davis (Davis) appeals from
the Notice of Entry of Judgment and/or Order and Plea/Judgment
(Judgment and Order) filed on January 11, 2012 in the District
Court of the First Circuit, 'Ewa Division (district court).[1]

Davis was charged by an amended complaint with
Operating a Vehicle After License and Privilege Have Been
Suspended or Revoked for Operating a Vehicle Under the Influence
of An Intoxicant, in violation of Hawaii Revised Statutes (HRS)
§ 291E-62(a)(1) and/or (a)(2) (Supp. 2011).

After the charge against Davis was read, Davis moved to
dismiss the case because the charge was insufficient for failing
to include a state of mind allegation.

---

[1] The Honorable Paula Devins presided.

The motion was denied and Davis was found guilty as charged after trial.

On appeal, Davis contends:

(1) the State failed to adduce sufficient evidence to support the conviction because there was insufficient evidence (a) that Davis operated a vehicle on a public, way, street, or highway; (b) to connect Davis to Exhibit 1, the Judgment of Conviction and Probation Sentence in Cr. No. 06-1-0933; (c) to establish that Davis was the individual sentenced to a driver's license revocation, suspension, or restriction; (d) to establish that on July 22, 2011, Davis intentionally, knowingly, or recklessly operated a vehicle while his driver's license had been revoked, suspended, or restricted; (e) to establish that Davis' driver's license was revoked, suspended or restricted pursuant to the applicable statutes on July 22, 2011; (f) to establish that Davis' operation of the vehicle on July 22, 2011 was in violation of the restrictions placed on his driver's license; (g) to establish that Davis was subject to sentencing for a second offense in a five-year period;

(2) the District Court erred by admitting Exhibit 1 because it was not properly certified and thus not self-authenticating;

(3) double jeopardy precludes a retrial on the same charge;

(4) assuming *arguendo* that there is sufficient evidence to sustain the conviction, State v. Nesmith, 127 Hawai'i 48, 276 P.3d 617 (2012) mandates a new trial.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we hold that the charge against Davis was defective and thus

pursuant to Nesmith, the case must be dismissed without prejudice.

In Nesmith, the Supreme Court held: (1) *mens rea* must be alleged in a charge asserting a violation of HRS § 291E-61(a)(1) in order to provide fair notice of the nature and cause of the accusation and (2) *mens rea* need not be alleged (or proven) in a charge asserting a violation of HRS § 291E-61(a)(3), because the legislative intent to impose absolute liability for an HRS § 291E-61(a)(3) offense plainly appears. Nesmith, 127 Hawai'i at 52-56, 276 P.3d at 621-25.

The State concedes that HRS § 291E-62 is not a strict or absolute liability offense and that a charge for violating HRS § 291E-62 requires an allegation of *mens rea* pursuant to Nesmith. We agree. As noted by the State, HRS § 291E-62 substantially reenacted HRS § 291-4.5. State v. Young, 107 Hawai'i 36, 38, 109 P.3d 677, 679 (2005). Previously, in State v. Vliet, 95 Hawai'i 94, 99, 19 P.3d 42, 47 (2001), the Hawai'i Supreme Court held that the offense under HRS § 291-4.5 requires an intentional, knowing, or reckless state of mind. The statutory language does not expressly impose absolute liability and there is nothing in the legislative history of HRS § 291-4.5 or § 291E-62 that "unequivocally indicates an intent to eliminate the state of mind requirement." State v. Gonzalez, 128 Hawai'i 314, 321, 288 P.3d 788, 795 (2012) (internal quotation marks omitted). Therefore, the charge against Davis needed to allege the required *mens rea*. Nesmith, 127 Hawai'i at 56, 276 P.3d at 625.

Since Davis objected to the charge at the beginning of trial and the charge failed to allege the requisite state of mind, the District Court erred in denying Davis' motion to dismiss the case. In Gonzalez, the Hawai'i Supreme Court stated that "Nesmith held that state of mind must be included in a

charge or the case must be dismissed without prejudice. Because the charge here did not contain the requisite state of mind, as the State concedes, Nesmith mandates dismissal without prejudice." Gonzalez, 128 Hawai'i at 324, 288 P.3d at 798.

Davis contends that, because his appeal also challenges the sufficiency of the evidence, double jeopardy principles apply even though the initial charging document was defective. In other words, Davis' argument is that there was insufficient evidence to sustain the conviction and therefore double jeopardy precludes a retrial on the same charge; but, assuming arguendo that there is sufficient evidence to sustain the conviction, Nesmith mandates a new trial. We do not agree that we should reach the sufficiency of the evidence or double jeopardy issues.

As noted above, the Hawai'i Supreme Court in Gonzalez stated that where the charge did not contain the requisite state of mind, "Nesmith mandates dismissal without prejudice." 128 Hawai'i at 324, 288 P.3d at 798 (emphasis added). Moreover, the supreme court reached this conclusion even though the defendant had also challenged whether the State had carried its burden of proof at trial. That is, the defendant in Gonzalez had been convicted of excessive speeding and his appeal challenged both (1) the charge for failing to allege the requisite mens rea and (2) the trial court's finding that the State had put forth a prima facie case, alleging that the State had failed to lay a sufficient foundation for admission of a laser gun speed reading. 128 Hawai'i at 324, 288 P.3d at 790-91. After determining that the charge was defective and that the case should be dismissed without prejudice, the supreme court stated that "[d]ue to the likelihood of retrial on remand, Defendant's argument that the State failed to lay an adequate foundation for the introduction of the speed reading from the laser gun is addressed to prevent further error." Id. at 316-17, 288 P.3d at 798 (emphasis added).

4

The court then determined that the State had failed to lay a proper foundation for the speed reading.  Id. at 327, 288 P.3d at 801.  The supreme court thus reached the evidence question only to provide guidance for the anticipated retrial on the same charge, and notwithstanding its determination that critical evidence was improperly admitted, the court expected that a retrial on the charge was likely.

Although double jeopardy was not raised in Gonzalez, the supreme court has addressed the issue *sua sponte* when the court has deemed it necessary.  See State v. Bannister, 60 Haw. 658, 660, 594 P.2d 133, 135 (1979) (addressing double jeopardy issue although defendant did not raise it because the court's determination that the State failed to prove a required element at trial required the court to decide whether to remand for a new trial or instruct the trial court to enter a judgment of acquittal.)  Thus, Gonzalez suggests that, where a charge is defective for failing to allege the requisite *mens rea*, it is not necessary to reach the questions of sufficiency of the evidence and double jeopardy.

Relying on Benton v. Maryland, 395 U.S. 784 (1969), Davis contends that "double jeopardy principles apply even where, as here, the initial charging document was defective."  Benton, however, does not benefit Davis in this case.  Rather, in Benton, the United States Supreme Court held that double jeopardy prohibited a retrial of a larceny charge because the defendant had previously been acquitted of that charge.  395 U.S. at 796-97.  The need to re-indict the defendant in that case was not the reason why double jeopardy applied.

We therefore hold that under Nesmith, the charge in this case against Davis was defective for failing to allege the requisite *mens rea* and the case should have been dismissed

5

without prejudice.  We need not address Davis' other points of error.

Therefore,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment filed on January 11, 2012 in the District Court of the First Circuit, 'Ewa Division is vacated.  The case is remanded to the district court with instructions to dismiss the case without prejudice.

DATED:  Honolulu, Hawai'i, August 14, 2013.

On the briefs:

Taryn R. Tomasa
Deputy Public Defender
for Defendant-Appellant

Brian R. Vincent
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge